### No. 9432.

THE STATE EX REL. QUENTIN D. KANE vs. H. L. LAZARUS, JUDGE, ET AL.

The power of the judge of any court to punish, by fine and imprisonment, a witness for refusing to answer truthfully to any questions put to him, which is simply perjury, cannot be derived from Art. 136, Code of Practice, or from any other provision of our law. Perjury is a felony, which cannot be punished otherwise than according to the prescribed forms of law.

An order from a district judge fining and imprisoning a witness on such grounds, can be examined by this Court under a *certiorari*, and the order will be annulled and set aside.

APPLICATION for Certiorari.

---

*Joseph P. Hornor* and *F. W. Baker* for the Relator.

Respondent Judge *in propria persona.*

---

The opinion of the Court was delivered by

POCHÉ, J. The relator complains that he is illegally and unjustly deprived of his liberty by the respondent judge, and he seeks relief by the writ of *certiorari.*

The record shows that he was committed to jail for thirty days and condemned to pay a fine of one hundred dollars, for the reason that, being a witness in a cause pending before the respondent's court, he refused to answer truthfully to questions put to him as witness aforesaid.

Under the issues presented by the pleadings, we are called on to solve two questions:

1. Our authority to examine into the proceedings.

2. The authority or power of respondent to punish the relator, as herein proposed by him.

### I.

Our power or authority to entertain the application is absolutely unquestionable, under the provisions of Article 90 of the Constitution creating the supervisory jurisdiction of this Court. No subject calls louder for its exercise than the endangered liberty of the citizen. The authority is so essential to a salutary protection of the sacred rights of individuals that it was exercised by the highest tribunal of the then Territory of Louisiana, in the absence of any express delegation of the power to the court by the Constitution. Detournion vs. Dormenon, 1 Martin, 138.

Reason and justice alike demand its exercise when expressly conferred by the Constitution. But since the case of DeBuys, the question can hardly be considered as an open one. We therein announced our intention to exercise our supervisory powers for the purpose of granting relief to all parties who would complain of a flagrant usurpation of authority, to whom serious injury might accrue, and who would be provided by the law with no other remedies. 32 Ann. 1258.

The same consideration shaped our course in the cases of Liversay and Hero. 34 Ann. 741; 36 Ann. 352.

### II.

We therefore reach the question of the regularity and validity of the proceedings resulting in the punishment of the relator.

The first inquiry suggested by the commitment is the nature of the offense for which it is proposed to punish him.

It is clear that his offense is not treated as a contempt of the authority of the court, as provided for in Article 131 of the Code of Practice. In that case, the fine could not have exceeded fifty dollars and the imprisonment could not have extended beyond ten days; and therefore the proceedings would be irregular and null, because it would have transgressed beyond legal limits.

In point of fact, respondent disclaims the authority of that article, and rests his action on the provisions of Article 136 of the Code of Practice, which reads as follows:

"If a witness summoned in a cause refuse to answer any questions put to him, except such as might lead him to accuse himself of some crime, the court may fine such witness in a sum not exceeding two hundred and fifty dollars, and imprison him for a term not exceeding thirty days."

The offense contemplated by the article is a contempt of court, through and by means of a refusal to perform a legal duty *in faciem curiæ*. Does the offense charged against this relator come within the purview of that law? It is not only a clear inference from the language of the commitment, but it is formally admitted by the respondent judge that the witness did not refuse to answer the questions put to him, but that he did answer them all. Hence his offense consists in not giving true answers to such questions, or in other words, in committing willful perjury. The proceeding, therefore, involves the assumed power of the judge to punish by fine and imprisonment, without legal process or trial, a witness testifying in his court, because, in the opinion of the judge, he has prevaricated and not told the truth.

We are more than convinced that no such power can be derived from the article under consideration, or from any other provision of our law, without the insertion of the word "truthfully" after the word "answer." The plain text of the article forcibly repels such a construction, and the very next article in the Code which grants the right to sue the delinquent witness for damages to the party aggrieved by his refusal to testify, leaves no possible doubt as to the true meaning of the provision.

The strained construction of the article, which is the fallacy of the unwarranted assumption of power in the premises, also clashes with the law which clearly removes the offense of perjury from the domain of acts of contempt and ranks it with other felonies—to be charged in accordance with constitutional requirements, to be tried conformably to solemn provisions of law, and to be punished by imprisonment at hard labor for a term not less than five years.

The system or jurisprudence which would place it in the power of any judge or court to punish such an offense, as in case of contempt, without the intervention of a jury, and practically without trial, would open the door to a despotism most dangerous to the liberty of the citizen, and swiftly subversive of all republican institutions.

The commitment in this case is glaringly irregular, and absolutely illegal, null and void. Hence, the relator is entitled to the full relief which he seeks at our hands.

It is therefore ordered and decreed that the order fining and imprisoning the relator for contempt be declared null and void, and be set aside.

---

### CONCURRING OPINION.

FENNER, J.   The relief sought is to annul and set aside an order of the respondent judge confining and imprisoning relator for contempt of court.

The order sentenced relator to imprisonment in the parish prison for thirty days, and to pay a fine of one hundred dollars.

As we said in the Hero case: "Our investigation must be confined to the questions of the regularity and validity of the proceedings as disclosed on the face of the record." 36 Ann. 352.

The proceedings present no defect of regularity.   The alleged contempt was committed *in faciem curiæ* and was, therefore, punishable by summary commitment.   State ex rel. Wintz vs. Judge, 32 Ann. 1223; Bishop Cr. L., § 241.

The only question remaining is the validity of the order; *i. e.* whether it was such an order as the judge had power and authority to make. If not such an order it is null and void, and the relief sought must be granted.   State ex rel. Hero vs. Judge, 36 Ann. 353; State ex rel. Liversey vs. Judge, 35 Ann. 741.

It appears from the face of the commitment and from the return of the judge, that the alleged contempt consisted "in refusing *to answer truthfully* to questions propounded to them, as witnesses, by counsel and by the court."

The case is much more simple than we had supposed it to be from the pleadings and argument.

We do not find ourselves called on to determine in this case whether the refusal of a witness to "answer truthfully" questions propounded to him, might not, under conceivable circumstances, be a punishable contempt.   The question is, whether it constitutes the *particular* contempt described in Art. 136 of the Code of Practice.   Contempts of court generally are punishable only "by a fine not exceeding fifty dollars and imprisonment for a period not exceeding ten days," according to Article 131 of the Code of Practice.

Art. 136 is a special provision and declares: "If a witness, summoned in a cause, refuse to answer any question put to him, except such as might lead him to accuse himself of some crime, the court may fine such witness in a sum not exceeding two hundred and fifty dollars, and imprisonment for a term not exceeding thirty days."

It is obvious that the fine of one hundred dollars and imprisonment for thirty days imposed in this case, are illegal and in excess of the authority of the court, unless the contempt charged is the particular one described in Article. 136.

It is equally clear from the face of the record that relator is not charged with this particular contempt. It is not pretended that he "refused to answer" questions. The charge is that he refused to "answer truthfully." Such qualification is not contained in, and cannot be added to, Art. 136, which is a penal statute and is not to be extended by implication.

Conceding that relator was guilty of a contempt, it is not the contempt described in Art. 136, and was, therefore, punishable only under the mere general provisions of Art. 131.

As the punishment inflicted largely exceeds the limitations fixed in the latter article, the order was beyond the power and authority of the judge and must be annulled.

For these reasons I concur in the decree.